UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| TONI DOUGHERTY,<br><br>      Plaintiff,<br><br>  v.<br><br>NEXTGEN HEALTHCARE, INC., DAVID SIDES, CRAIG A. BARBAROSH, GEORGE H. BRISTOL, DARNELL DENT, JULIE D. KLAPSTEIN, JEFFREY H. MARGOLIS, GERALDINE MCGINTY, PAMELA S. PURYEAR, and MORRIS PANNER,<br><br>      Defendants. | Civil Action No. _____<br><br>COMPLAINT FOR VIOLATIONS OF THE SECURITIES EXCHANGE ACT OF 1934<br><br>**JURY TRIAL DEMAND** |

  Plaintiff Toni Dougherty ("Plaintiff") alleges the following upon information and belief, including investigation of counsel and review of publicly available information, except as to those allegations pertaining to Plaintiff, which are alleged upon personal knowledge:

**NATURE OF THE ACTION**

  1. Plaintiff brings this action against NextGen Healthcare, Inc. ("NextGen" or the "Company") and NextGen's Board of Directors (the "Board" or the "Individual Defendants") for their violations of Sections 14(a) and 20(a) of the Securities Exchange Act of 1934, 15 U.S.C. §§ 78n(a), 78t(a), and SEC Rule 14a-9, 17 C.F.R. § 240.14a-9, arising out of the Board's attempt to sell the Company to Thoma Bravo.

  2. Defendants have violated the above-referenced Sections of the Exchange Act by causing a materially incomplete and misleading definitive proxy statement (the "Proxy") to be filed with the Securities and Exchange Commission ("SEC") on October 6, 2023. The Proxy recommends that NextGen stockholders vote in favor of a proposed transaction (the "Proposed Transaction") whereby NextGen is acquired by Thoma Bravo. The Proposed Transaction was first

1

disclosed on September 6, 2023, when NextGen and Thoma Bravo announced that they had entered into a definitive merger agreement (the "Merger Agreement") pursuant to which Thoma Bravo will acquire all of the outstanding shares of common stock of NextGen for $23.95 per share (the "Merger Consideration"). The deal is expected to close in the fourth quarter of 2023.

3. The Proxy is materially incomplete and contains misleading representations and information in violation of Sections 14(a) and 20(a) of the Exchange Act. Specifically, the Proxy contains materially incomplete and misleading information concerning the sales process, financial projections prepared by NextGen management, as well as the financial analyses conducted by Morgan Stanley & Co. LLC ("Morgan Stanley"), NextGen's financial advisor.

4. For these reasons, and as set forth in detail herein, Plaintiff seeks to enjoin Defendants from taking any steps to consummate the Proposed Transaction, including filing an amendment to the Proxy with the SEC or otherwise causing an amendment to the Proxy to be disseminated to NextGen's stockholders, unless and until the material information discussed below is included in any such amendment or otherwise disseminated to NextGen's stockholders. In the event the Proposed Transaction is consummated without the material omissions referenced below being remedied, Plaintiff seeks to recover damages resulting from the Defendants' violations.

## PARTIES

5. Plaintiff is, and has been at all relevant times, the owner of shares of common stock of NextGen.

6. Defendant NextGen is a corporation organized and existing under the laws of the State of Delaware. NextGen common stock trades on NASDAQ under the ticker symbol "NXGN."

7. Defendant David Sides has been President, Chief Executive Officer and a director of the Company since 2021.

8. Defendant Craig A. Barbarosh has been a director of the Company since 2009.

9. Defendant George H. Bristol has been a director of the Company since 2008.

10. Defendant Darnell Dent has been a director of the Company since 2021.

11. Defendant Julie D. Klapstein has been a director of the Company since 2017.

12. Defendant Jeffrey H. Margolis has been a director of the Company since 2014. Defendant Margolis has served as Chair of the Board since 2015.

13. Defendant Geraldine McGinty has been a director of the Company since 2021.

14. Defendant Pamela S. Puryear has been a director of the Company since 2021.

15. Defendant Morris Panner has been a director of the Company since 2013.

16. Nonparty Thoma Bravo is a software investment firm with offices in Chicago, Miami, New York, San Francisco, and London.

## JURISDICTION AND VENUE

17. This Court has subject matter jurisdiction pursuant to Section 27 of the Exchange Act (15 U.S.C. § 78aa) and 28 U.S.C. § 1331 (federal question jurisdiction) as Plaintiff alleges violations of Section 14(a) and 20(a) of the Exchange Act and SEC Rule 14a-9.

18. Personal jurisdiction exists over each Defendant either because the Defendant conducts business in or maintains operations in this District or is an individual who is either present in this District for jurisdictional purposes or has sufficient minimum contacts with this District as to render the exercise of jurisdiction over Defendant by this Court permissible under traditional notions of fair play and substantial justice.

19. Venue is proper in this District under Section 27 of the Exchange Act, 15 U.S.C. § 78aa, as well as under 28 U.S.C. § 1391, because a significant amount of the conduct at issue took place and had an effect in this District.

**FURTHER SUBSTANTIVE ALLEGATIONS**

A. **Background of the Company and the Proposed Transaction**

20. NextGen provides software solutions and services to healthcare providers throughout the United States. NextGen's products include an electronic health records system, telehealth, practice management, and medical billing, among others. In the fiscal year ended March 31, 2023, the Company saw $653.1 million in revenues, compared to revenues of $596.3 million in fiscal year 2022 and $556.8 million in fiscal year 2021.

21. On September 5, 2023, the Company entered into the Merger Agreement with Thoma Bravo.

22. According to the press release issued on September 6, 2023 announcing the Proposed Transaction:

**NextGen Healthcare Enters into Definitive Agreement to Be Acquired by Thoma Bravo**

*NextGen Healthcare Shareholders to Receive $23.95 Per Share in Cash, a 46.4% Premium to Unaffected Stock Price*

*Transaction to Accelerate NextGen Healthcare's Growth and Innovation as the Trusted Advisor to Healthcare Providers*

**REMOTE-FIRST COMPANY/NEW YORK – September 6, 2023** – NextGen Healthcare, Inc. (Nasdaq: NXGN) ("NextGen Healthcare" or the "Company"), a leading provider of innovative, cloud-based healthcare technology solutions, today announced that it has entered into a definitive agreement to be acquired by Thoma Bravo, a leading software investment firm. Upon completion of the transaction, NextGen Healthcare will become a privately held company.

Under the terms of the agreement, NextGen Healthcare shareholders will receive $23.95 per share in cash. The per share purchase price represents a 46.4% premium to the Company's unaffected closing stock price on August 22 (the last trading day prior to published market speculation regarding a potential transaction involving the Company) and a 39.2% premium to the 30-day volume-weighted average price for the period ending September 1.

"Under the terms of the agreement, NextGen Healthcare shareholders will receive significant immediate cash value for their shares. In addition, with Thoma Bravo as

a partner, the Company will benefit from increased capital, expertise and strategic flexibility to accelerate the Company's leadership in providing healthcare technology solutions," said David Sides, President and Chief Executive Officer of NextGen Healthcare. "Thoma Bravo has a 20+ year record of investing in premier companies in the software and technology sectors. We look forward to joining forces to deliver on our mission of Better Healthcare Outcomes for All."

Jeffrey H. Margolis, Chair of the NextGen Healthcare Board of Directors, added "The agreement with Thoma Bravo validates NextGen Healthcare's substantial strength and follows interest in the Company by many parties. It is the result of a deliberate process to maximize shareholder value and best position NextGen Healthcare for continued growth and success. The agreement delivers significant cash value to our shareholders and creates exciting opportunities for NextGen Healthcare's employees and clients."

"NextGen Healthcare's mission-critical EMR software and surround solutions are the backbone of ambulatory practices across the United States," said A.J. Rohde, a Senior Partner at Thoma Bravo. "We are so proud to be working with NextGen Healthcare in its next phase as a private company and look forward to continued product innovation to better support NextGen Healthcare's thousands of highly-valued customers."

"We have followed NextGen Healthcare's impressive business transformation for many years and are excited to apply Thoma Bravo's strategic and operational expertise to drive continued growth and innovation," said Peter Hernandez, a Vice President at Thoma Bravo. "We look forward to partnering with the NextGen Healthcare team to further accelerate product investments to better support the increasingly complex needs of ambulatory providers and ultimately improve patient outcomes."

**Transaction Details**

The transaction, which was approved unanimously by the NextGen Healthcare Board of Directors, is expected to close in the fourth calendar quarter of 2023, subject to customary closing conditions, including approval by NextGen Healthcare shareholders and the receipt of required regulatory approvals. The transaction is not subject to a financing condition.

**B. The Materially Incomplete and Misleading Proxy**

23.     On October 6, 2023, Defendants filed the Proxy with the SEC. The purpose of the Proxy is, *inter alia*, to provide the Company's stockholders with all material information necessary for them to make an informed decision on whether to vote in favor of the Proposed Transaction. However, significant and material facts were not provided to Plaintiff. Without such information,

Plaintiff cannot make a fully informed decision concerning whether to vote in favor of the Proposed Transaction.

### *Materially Incomplete and Misleading Disclosures Concerning the Management-Prepared Financial Forecasts*

24. The Proxy discloses management-prepared financial projections for the Company which are materially misleading. The Proxy indicates that in connection with the rendering of its fairness opinion, Morgan Stanley reviewed "certain financial projections prepared by the management of NextGen." Accordingly, the Proxy should have, but failed to, provide certain information in the projections that NextGen's management provided to the Board and Morgan Stanley.

25. Notably, Defendants failed to disclose the line items underlying the calculation of Adjusted EBITDA and EBIT. This omitted information is necessary for Plaintiff to make an informed decision on whether to vote in favor of the Proposed Transaction.

### *Materially Incomplete and Misleading Disclosures Concerning Morgan Stanley's Financial Analyses*

26. With respect to the *Public Trading Companies Analysis,* the Proxy fails to disclose the number of fully diluted shares for NextGen as utilized in the analysis.

27. With respect to the *Discounted Cash Flow Analysis,* the Proxy fails to disclose free cash flows and terminal values calculated by Morgan Stanley. The Proxy also fails to disclose the basis for utilizing a 6% market risk premium. In addition, the Proxy fails to disclose the fair market value of NextGen's earnout obligations as set forth in the Company's June 30, 2023, financial statements.

28. With respect to the *Precedent Transactions Multiples Analysis*, the Proxy fails to disclose the transaction values for each of the selected transactions. The Proxy also fails to disclose the number of fully diluted shares for NextGen as utilized in the analysis.

29. With respect to the *Illustrative Leveraged Buyout Analysis*, the Proxy fails to disclose the basis for selecting leverage of 6.0x LTM adjusted EBITDA, the selection of a target range of annualized internal rates of return for the financial sponsor of 17.5% to 22.5%, and the selection of a range of 9.0x to 11.0x of LTM adjusted EBITDA.

30. With respect to the *Unaffected Broker Price Targets Analysis*, the Proxy fails to disclose the number of price targets evaluated, the equity research analysts who published the considered price targets, and the estimated cost of equity as used to select a discount rate of 10.4%.

### *Materially Incomplete and Misleading Disclosures Concerning the Flawed Process*

31. The Proxy also fails to disclose material information concerning the sales process. For example, the Proxy fails to disclose a specific amount of fees earned by Morgan Stanley for the financial advisory and financing services provided to affiliates of Thoma Bravo in the two years preceding the rendering of its fairness opinion. The Proxy further fails to disclose whether Morgan Stanley provided any services to portfolio companies of Thoma Bravo in the two years prior to rendering its fairness opinion and, if so, the amount of fees earned for such services.

32. The Proxy fails to disclose which members of the Board were informed of Thoma Bravo's interest in NextGen on or around April 28, 2023.

33. The Proxy also fails to disclose the authority and responsibilities of the transaction committee formed after the May 16, 2023, Board meeting, as well as the advisors that attended the Transaction Committee meeting of June 9, 2023.

34. Furthermore, the Proxy fails to disclose the comparative financial data that Morgan Stanley discussed with the Transaction Committee and the Board on June 19, 2023, as well as preliminary financial views discussed with the Board on September 1, 2023, and the preliminary financial analysis discussed with the Board on September 4, 2023.

35. This information is necessary to provide Company stockholders a complete and accurate picture of the sales process and its fairness. Without this information, Plaintiff is not fully informed as to the defendants' actions, including those that may have been taken in bad faith, and cannot fairly assess the process. And without all material information, Plaintiff is unable to make a fully informed decision in connection with the Proposed Transaction and faces irreparable harm, warranting the injunctive relief sought herein.

36. In addition, the Individual Defendants knew or recklessly disregarded that the Proxy omits the material information concerning the Proposed Transaction and contains the materially incomplete and misleading information discussed above.

37. Specifically, the Individual Defendants undoubtedly reviewed the contents of the Proxy before it was filed with the SEC. Indeed, as directors of the Company, they were required to do so. The Individual Defendants thus knew or recklessly disregarded that the Proxy omits the material information referenced above and contains the incomplete and misleading information referenced above.

38. Further, the Proxy indicates that on September 5, 2023, Morgan Stanley reviewed with the Board its financial analysis of the Merger Consideration and delivered to the Board an oral opinion, which was confirmed by delivery of a written opinion of the same date, to the effect that the Merger Consideration was fair, from a financial point of view to NextGen stockholders. Accordingly, the Individual Defendants undoubtedly reviewed or were presented with the material information concerning Morgan Stanley's financial analyses which has been omitted from the Proxy, and thus knew or should have known that such information has been omitted.

39. Plaintiff is immediately threatened by the wrongs complained of herein, and lacks an adequate remedy at law. Accordingly, Plaintiff seeks injunctive and other equitable relief to

prevent the irreparable injury that she will continue to suffer absent judicial intervention.

## CLAIMS FOR RELIEF

## COUNT I

**Against All Defendants for Violations of Section 14(a) of the Exchange Act and Rule 14a-9**

40. Plaintiff incorporates each and every allegation set forth above as if fully set forth herein.

41. Defendants have filed the Proxy with the SEC with the intention of soliciting NextGen stockholder support for the Proposed Transaction. Each of the Individual Defendants reviewed and authorized the dissemination of the Proxy, which fails to provide the material information referenced above.

42. In so doing, Defendants made materially incomplete and misleading statements and/or omitted material information necessary to make the statements made not misleading. Each of the Individual Defendants, by virtue of their roles as officers and/or directors of NextGen, were aware of the omitted information but failed to disclose such information, in violation of Section 14(a).

43. Rule 14a-9, promulgated by the SEC pursuant to Section 14(a) of the Exchange Act, provides that such communications with stockholders shall not contain "any statement which, at the time and in the light of the circumstances under which it is made, is false or misleading with respect to any material fact, or which omits to state any material fact necessary in order to make the statements therein not false or misleading." 17 C.F.R. § 240.14a-9.

44. Specifically, and as detailed above, the Proxy violates Section 14(a) and Rule 14a-9 because it omits material facts concerning: (i) management's financial projections; (ii) the value of NextGen shares and the financial analyses performed by Morgan Stanley in support of its fairness opinion; and (iii) the sales process.

45. Moreover, in the exercise of reasonable care, the Individual Defendants knew or should have known that the Proxy is materially misleading and omits material information that is necessary to render it not misleading. The Individual Defendants undoubtedly reviewed and relied upon the omitted information identified above in connection with their decision to approve and recommend the Proposed Transaction; indeed, the Proxy states that Morgan Stanley reviewed and discussed its financial analyses with the Board during various meetings including on September 5, 2023, and further states that the Board considered Morgan Stanley's financial analyses and fairness opinion in connection with approving the Proposed Transaction. The Individual Defendants knew or should have known that the material information identified above has been omitted from the Proxy, rendering the sections of the Proxy identified above to be materially incomplete and misleading.

46. The misrepresentations and omissions in the Proxy are material to Plaintiff, who will be deprived of her right to cast an informed vote if such misrepresentations and omissions are not corrected prior to the vote on the Proposed Transaction. Plaintiff has no adequate remedy at law. Only through the exercise of this Court's equitable powers can Plaintiff be fully protected from the immediate and irreparable injury that Defendants' actions threaten to inflict.

## COUNT II

**Against the Individual Defendants for Violations of Section 20(a) of the Exchange Act**

47. Plaintiff incorporates each and every allegation set forth above as if fully set forth herein.

48. The Individual Defendants acted as controlling persons of NextGen within the meaning of Section 20(a) of the Exchange Act as alleged herein. By virtue of their positions as officers and/or directors of NextGen and participation in and/or awareness of the Company's

operations and/or intimate knowledge of the incomplete and misleading statements contained in the Proxy filed with the SEC, they had the power to influence and control and did influence and control, directly or indirectly, the decision making of the Company, including the content and dissemination of the various statements that Plaintiff contends are materially incomplete and misleading.

49. Each of the Individual Defendants was provided with or had unlimited access to copies of the Proxy and other statements alleged by Plaintiff to be misleading prior to the time the Proxy was filed with the SEC and had the ability to prevent the issuance of the statements or cause the statements to be corrected.

50. In particular, each of the Individual Defendants had direct and supervisory involvement in the day-to-day operations of the Company, and, therefore, is presumed to have had the power to control or influence the particular transactions giving rise to the Exchange Act violations alleged herein, and exercised the same. The omitted information identified above was reviewed by the Board prior to voting on the Proposed Transaction. The Proxy at issue contains the unanimous recommendation of each of the Individual Defendants to approve the Proposed Transaction. They were, thus, directly involved in the making of the Proxy.

51. In addition, as the Proxy sets forth at length, and as described herein, the Individual Defendants were involved in negotiating, reviewing, and approving the Merger Agreement. The Proxy purports to describe the various issues and information that the Individual Defendants reviewed and considered. The Individual Defendants participated in drafting and/or gave their input on the content of those descriptions.

52. By virtue of the foregoing, the Individual Defendants have violated Section 20(a) of the Exchange Act.

53. As set forth above, the Individual Defendants had the ability to exercise control over and did control a person or persons who have each violated Section 14(a) and Rule 14a-9, by their acts and omissions as alleged herein. By virtue of their positions as controlling persons, these defendants are liable pursuant to Section 20(a) of the Exchange Act. As a direct and proximate result of Individual Defendants' conduct, Plaintiff will be irreparably harmed.

## RELIEF REQUESTED

WHEREFORE, Plaintiff demands injunctive relief in her favor and against the Defendants jointly and severally, as follows:

A.  Preliminarily and permanently enjoining Defendants and their counsel, agents, employees and all persons acting under, in concert with, or for them, from filing an amendment to the Proxy with the SEC or otherwise disseminating an amendment to the Proxy to NextGen stockholders unless and until Defendants agree to include the material information identified above in any such amendment;

B.  Preliminarily and permanently enjoining Defendants and their counsel, agents, employees and all persons acting under, in concert with, or for them, from proceeding with, consummating, or closing the Proposed Transaction, unless and until Defendants disclose the material information identified above which has been omitted from the Proxy;

C.  In the event that the transaction is consummated prior to the entry of this Court's final judgment, rescinding it or awarding Plaintiff rescissory damages;

D.  Directing the Defendants to account to Plaintiff for all damages suffered as a result of their wrongdoing;

E.  Awarding Plaintiff the costs and disbursements of this action, including reasonable attorneys' and expert fees and expenses; and

F.      Granting such other and further equitable relief as this Court may deem just and proper.

**JURY DEMAND**

Plaintiff demands a trial by jury.

Dated: October 7, 2023                                        **ROWLEY LAW PLLC**

*S/ Shane T. Rowley*
Shane T. Rowley (SR-0740)
Danielle Rowland Lindahl
50 Main Street, Suite 1000
White Plains, NY 10606
Tel: (914) 400-1920
Fax: (914) 301-3514
Email: srowley@rowleylawpllc.com
Email: drl@rowleylawpllc.com

*Attorneys for Plaintiff*